# 23-4715

# United States Court of Appeals
## for the
# Fourth Circuit

UNITED STATES OF AMERICA,

*Plaintiff/Appellee*,

– v. –

DARRECOS TAYLOR, a/k/a Derrecos Taylor, a/k/a Reco,

*Defendant/Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA AT GREENVILLE

## BRIEF OF APPELLANT

Joshua Snow Kendrick
KENDRICK & LEONARD, P.C.
Post Office Box 6938
Greenville, South Carolina 29606
(864) 760-4000

*Counsel for Appellant*



(800) 4-APPEAL • (JOB 810354)

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................... ii

I. STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION ................................................................................. 1

    A. BASIS FOR SUBJECT MATTER JURISDICTION IN THE DISTRICT COURT ................................................. 1

    B. BASIS FOR JURISDICTION IN THE COURT OF APPEALS ........................................................................... 1

II. STATEMENT OF ISSUES PRESENTED FOR REVIEW ............ 2

III. STATEMENT OF THE CASE ...................................................... 2

IV. SUMMARY OF THE ARGUMENT ............................................. 3

V. ARGUMENT .................................................................................. 3

    1. WAS TAYLOR'S GUILTY PLEA VALID? ......................... 3

        Standard of Review ................................................................ 3

        Argument ................................................................................ 4

    2. WAS TAYLOR'S SENTENCE REASONABLE? ................. 7

        Standard of Review ................................................................ 7

        Argument ................................................................................ 8

CONCLUSION ....................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases:**

*Anders v. California,*
   386 U.S. 738 (1967) .................................................................................. 10

*United States v. Blick,*
   408 F.3d 162 (4th Cir. 2005) ....................................................................... 8

*United States v. Broce,*
   488 U.S. 563 (1989) .................................................................................... 1

*United States v. Devine,*
   40 F.4th 139 (4th Cir. 2022) ........................................................................ 7

*United States v. Fowler,*
   948 F.3d 663 (4th Cir. 2020) ....................................................................... 7

*United States v. Hoover,*
   95 F.4th 763 (4th Cir. 2024) ........................................................................ 7

*United States v. Lassiter,*
   96 F.4th 629 (4th Cir. 2024) ........................................................................ 4

*United States v. Olano,*
   507 U.S. 725 (1993) .................................................................................... 4

*United States v. Williams,*
   811 F.3d 621 (4th Cir. 2016) ............................................................... 3, 4, 7

**Statutes & Other Authorities:**

18 U.S.C. § 3553(a) ............................................................................... 6, 7, 9
21 U.S.C. § 841(a)(1) ..................................................................................... 1
21 U.S.C. § 841(b)(1)(A) ............................................................................... 1
21 U.S.C. § 841(b)(1)(B) ............................................................................... 1
28 U.S.C. § 1291 ........................................................................................... 1
Fed. R. Crim. P. 11 ........................................................................... 3, 4, 5, 10
Fed. R. Crim. P. 11(b)(1) .............................................................................. 4
Fed. R. Crim. P. 11(b)(1)(A) ........................................................................ 4
Fed. R. Crim. P. 11(b)(1)(B)-(E) .................................................................. 5
Fed. R. Crim. P. 11(b)(1)(F) ......................................................................... 5
Fed. R. Crim. P. 11(b)(1)(G)-(L) .................................................................. 5
Fed. R. Crim. P. 11(b)(1)(M) ..................................................................... 5-6

Fed. R. Crim. P. 11(b)(1)(N) ................................................................................ 6
Fed. R. Crim. P. 11(b)(2) ...................................................................................... 6
Fed. R. Crim. P. 11(b)(3) ...................................................................................... 6
U.S.S.G. § 2D1.1(b)(12) ....................................................................................... 8
U.S.S.G. § 3B1.1(b) .............................................................................................. 8
U.S.S.G. § 3C1.1 ................................................................................................... 8

iii

# I. STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

## A. BASIS FOR SUBJECT MATTER JURISDICTION IN THE DISTRICT COURT

Appellant Darrecos Taylor was one of eleven defendants named in a superseding indictment filed in the District of South Carolina on May 10, 2022. He was named in two counts of the indictment.

Count One alleged a conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Count Two alleged possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). JA14-15; JA17.

Pursuant to the indictment and these statutes, jurisdiction in the district court was proper.

## B. BASIS FOR JURISDICTION IN THE COURT OF APPEALS

28 U.S.C. § 1291 authorizes this Court to review final decisions of the federal district courts. A plea of guilty is a final decision of a district court. United States v. Broce, 488 U.S. 563, 569 (1989).

A final judgment was entered in this matter on November 8, 2023. JA86. A timely notice of appeal was filed on November 17, 2023. JA92. Pursuant to § 1291, the final judgment, and the timely notice of appeal, this Court has jurisdiction over this appeal.

1

## II.   STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. WAS TAYLOR'S GUILTY PLEA VALID?

2. WAS TAYLOR'S SENTENCE REASONABLE?

## III.   STATEMENT OF THE CASE

On October 13, 2020, the United States Postal Inspection Service ("USPIS") intercepted a package containing 1496.1 grams of cocaine. JA103. After tracking various packages with suspected drugs, investigators identified Appellant Darrecos Taylor as a courier and distributor in a drug trafficking organization. JA104.

Investigators also tracked Taylor's travel. They were able to determine he had crossed the border between the United States and Mexico multiple time. JA105. They also followed him to Arizona and eventually stopped him at the Phoenix airport. JA105. Homeland Security Investigations ("HSI") agents seized $124,760 in cash from Taylor but did not arrest him. JA105.

During the same investigation, HSI agents identified a Park Circle address in Greenville, South Carolina, as a "stash house" for Taylor's drug trafficking organization. JA106. Agents conducted surveillance of that address, people who visited that address, and various others who were connected to Taylor or the Park Circle address.

Law enforcement intercepted a package for Taylor that contained 847 grams of methamphetamine and 573 grams of cocaine. JA74. Taylor was also intercepted on wiretaps coordinating cocaine distribution. JA74. On February 9, 2022, Taylor was arrested and found with kilograms of cocaine. JA74.

2

On February 25, 2022, a detention hearing was held. The Government withdrew its motion for detention and a secured bond was set. JA4. Taylor signed a plea agreement with the Government and that agreement was filed on November 30, 2022. JA9. His plea was entered on January 4, 2023. JA10. Taylor's sentencing was held on November 8, 2023, and he was sentenced to 235 months in federal prison. JA12. Additional facts relevant to this appeal are set out in the relevant argument section of the brief.

### IV.    SUMMARY OF THE ARGUMENT

Counsel for Appellant has carefully reviewed the entire record in this case. After reviewing the record and researching all potential appellate issues, there are no meritorious issues to argue. As this Court requires, counsel has presented two issues in this brief and is prepared to argue any additional matters identified by the Court.

Appellant Taylor pleaded guilty pursuant to a plea agreement. Counsel has reviewed the Rule 11 colloquy conducted in the district court and believes it was properly conducted.

Counsel has also reviewed the sentence in this matter for reasonableness, both procedural and substantive. The sentence imposed by the Court appears reasonable based on this Court's precedent.

### V.    ARGUMENT

1. WAS TAYLOR'S GUILTY PLEA VALID?

#### Standard of Review

This Court generally reviews a guilty plea under a harmless error standard. United States v. Williams, 811 F.3d 621, 622 (4th Cir. 2016).

3

When a defendant does not move to withdraw his plea in the district court, the Rule 11 proceeding is reviewed for plain error. Id. A plain error is an error that is obvious or clear under current law at the time of review and affects the defendant's substantial rights. United States v. Lassiter, 96 F.4th 629, 634 (4th Cir. 2024). Even if those elements are satisfied, the Court will not grant relief unless the error "seriously affect[s] the fairness, integrity[,] or public reputation of judicial proceedings. Id., quoting United States v. Olano, 507 U.S. 725, 732 (1993).

## Argument

Rule 11 of the Federal Rules of Criminal Procedure sets out a list of items the district court must cover with a defendant to ensure a guilty plea is entered both knowingly and voluntarily. The Rule requires a series of warnings and explanations to verify the defendant understands the rights being waived and the importance of the waiver.

Initially, a defendant must be placed under oath and warned that a statement made during the proceedings can be used in a prosecution for perjury or making a false statement. Fed. R. Crim. P. 11(b)(1); (b)(1)(A). Taylor was placed under oath. JA39. The district court explained that Taylor's statements made during the plea proceeding could be used against him in a later prosecution if he was dishonest during the proceeding. JA42-43.

A guilty plea involves a significant waiver of trial rights. The trial rights waived by a guilty plea include: the right to plead not guilty, the right to a jury trial, the right to counsel at further proceedings, the right to cross-

4

examine government witnesses, the right against being forced to provide incriminating information, the right to testify and present evidence, and right to compel the attendance of witnesses. Fed. R. Crim. P. 11(b)(1)(B)-(E). After explaining those rights, the district court must then make sure the defendant understands a plea of guilty waives all those rights. Fed. R. Crim. P. 11(b)(1)(F).

The district court explained all the rights Taylor was waiving. The Court went through each right with Taylor, made sure he understood those rights, and that his guilty plea was waiving those rights. JA48-51.

Rule 11 also requires the district court to explain factors related to the defendant's specific case. The court should explain the nature of the charges, the maximum possible penalties, any applicable mandatory minimum, any applicable forfeiture, the court's restitution authority, and the special assessment a defendant must pay for each count to which he pleads guilty. Fed. R. Crim. P. 11(b)(1)(G)-(L).

The district court had the Government explain the nature of the charges, including the elements of each count, the mandatory minimum sentence, the maximum sentence, and the special assessment required for the guilty plea. JA55-57.

Restitution was not an issue in Taylor's case. JA51. The district court went over the forfeiture provision included in Taylor's plea agreement and made sure he understood it. JA51-52; JA65.

In addition to the trial rights being waived, a district court is required to explain the sentencing procedure to a defendant. Fed. R. Crim. P.

5

11(b)(1)(M). The district court explained how the sentencing guidelines are calculated and that those guidelines are merely a starting point for a sentence. JA58-60. The district court also explained the sentencing factors in 18 U.S.C. § 3553(a) and how those factors affected sentencing. JA58-60.

The district court is required to review the terms of any plea agreement, focusing on any provision that waives the right to appeal or collaterally attack the sentence. Fed. R. Crim. P. 11(b)(1)(N). The district court verified Taylor understood and signed the plea agreement. JA61-62. The prosecutor then went over the terms of the plea agreement. JA63-66. The district court specifically went over two portions of the plea agreement. First, it reviewed the prior conviction used to enhance Taylor's sentence. JA67-68. It then, as required by the Rule, made sure Taylor understood the waiver of appellate rights in the plea agreement. JA68-69.

Before accepting the plea, the district court should address the defendant in open court and verify the plea is voluntary and not the result of any coercion or promises outside of the plea agreement. Fed. R. Crim. P. 11(b)(2). Taylor verified his plea was voluntary and not the result of any representations outside of the plea agreement. JA71.

Finally, the district court must find a factual basis for the plea. Fed. R. Crim. P. 11(b)(3). The prosecutor summarized the case against Taylor, and he had the opportunity to object to the factual summary. JA73-75. The district court found an appropriate factual basis for the plea. JA75-76.

6

2. WAS TAYLOR'S SENTENCE REASONABLE?

<u>Standard of Review</u>

District court sentencing decisions are reviewed for abuse of discretion. United States v. Hoover, 95 F.4th 763, 777 (4th Cir. 2024). Sentences are only subject to appellate review if one of the following four conditions is present: (1) the sentence was imposed in violation of the law, (2) the sentence was imposed after an incorrect sentencing guidelines calculation, (3) the sentence is greater than that called for by the applicable guideline range, or (4) the sentence was imposed for an offense that has no sentencing guideline and is plainly unreasonable. United States v. Williams, 811 F.3d 621, 623 (4th Cir. 2016).

A two-step process governs this Court's review of a sentence. First the Court should review whether there was any significant procedural error, including improperly calculating the guidelines, treating the guidelines as mandatory, failing to consider § 3553(a) factors, selecting a sentence on incorrect facts, or failing to explain a sentence. United States v. Devine, 40 F.4th 139, 152 (4th Cir. 2022). If the sentence is procedurally sound, the Court then reviews substantive reasonableness by determining, considering all the surrounding circumstances, whether the sentence was longer than necessary to serve the purpose of federal sentencing or whether it was based on an improper consideration. United States v. Fowler, 948 F.3d 663, 668 (4th Cir. 2020).

7

Argument

Taylor's plea agreement contained an appellate waiver. JA34-35. While this Court has held that an appellate waiver applies to unanticipated sentencing decisions, it does not subject a defendant to "…being sentenced entirely at the whim of the district court." United States v. Blick, 408 F.3d 162, 170 (4th Cir. 2005).

The pre-sentence report (PSR) in this case calculated the advisory guidelines range total offense level and advisory sentencing range. Taylor's only criminal history points came from a 2010 federal drug charge for which he received 60 months incarceration and resulted in 3 criminal history points. JA128. Based on the end date of Taylor's supervised release, these points were properly imposed.[1]

Taylor's base offense level was 34, based on 20,506 kilograms of converted drug weight. JA130. The drug weights were laid out in Paragraph 111 of the PSR. JA122. Counsel has verified the conversion of the drugs to a combined drug weight and the PSR calculations are accurate. Taylor received a 2-point enhancement for maintaining premises for the purpose of manufacturing or distributing a controlled substance. U.S.S.G. §2D1.1(b)(12); JA130. He also received three points for being a manager or supervisor. U.S.S.G. §3B1.1(b); JA130. Finally, he received 2 points for obstruction of justice based on providing false information to the district court during a bond proceeding. U.S.S.G. § 3C1.1; JA123, JA130. Taylor's

---

[1] This same conviction was used as a predicate for a statutory sentencing enhancement. JA141-154.

8

total offense level was 41. JA131. The total statutory range was 15 years to life in prison and the advisory guidelines range was 360 months to life. JA134.

Prior to the sentencing hearing, Taylor had five objections to the PSR. JA155-159. At the sentencing hearing, four of the five objections were withdrawn. JA164. The remaining objection was to the failure to recommend acceptance of responsibility. JA164-165. Acceptance of responsibility was not recommended based on providing false information to the district court during a bond hearing (the same facts which led to the enhancement for obstruction of justice). JA158-159. After hearing an explanation related to the facts that led to both the obstruction enhancement and the removal of acceptance of responsibility, the district court applied the three-point reduction for acceptance of responsibility. JA174-175. That ruling resulted in a total offense level of 38 and an advisory guideline range of 262 to 327 months. JA175.

The district court explained the statutory sentencing enhancement and the effect it had on his statutory sentencing range. JA178. The court also gave him the opportunity to request a hearing. JA179. Taylor agreed with the prior conviction. JA179.

The district court listened to both the Government and Taylor's position on sentencing, as well as information from Taylor's mother. JA180-188. Taylor also addressed the district court. JA189.

Based on counsel's review of the PSR and the sentencing transcript, there were no issues related to the district court's calculation of the

9

sentencing guidelines. The district court specifically cited the 3553(a) factors it considered in reaching its sentence. JA192-198. The court's reasoning was detailed and encompassed several factors it felt were important to the sentence. Ultimately, the district court imposed a sentence of 235 months in prison, which represented a two year and 3-month variance from the new guideline range the district court adopted earlier in the hearing.

The detailed explanation for the sentence and the numerous factors considered by the district court suggests the sentence was reasonable. Additionally, the court's willingness to grant acceptance of responsibility and a partial variance further supports the reasonableness of the sentence. It does not appear to have been longer than necessary based on the district court's description of the circumstances it considered in reaching a sentence.

## CONCLUSION

Taylor pled guilty pursuant to a plea agreement. The plea agreement contained an appellate waiver. There were no objections to the Rule 11 colloquy and the district court covered all the Rule's requirements. The sentencing guidelines were properly calculated. The only objection remaining at the sentencing hearing was resolved in Taylor's favor. The sentence represented a variance.

For all these reasons, counsel believes the plea was properly entered and the sentence was reasonable. Counsel has researched the record and all potential appellate issues and has not found any meritorious issues. Counsel has filed this Anders brief according to this Court's rules and stands ready to argue any additional issues directed by the Court.

10

Respectfully submitted,

s/ Joshua Snow Kendrick
Joshua Snow Kendrick
KENDRICK & LEONARD, P.C.
P.O. Box 6938
Greenville, South Carolina 29606
(864) 760-4000
Josh@KendrickLeonard.com

11

# **CERTIFICATE OF COMPLIANCE**

1. This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

   [ X ] this brief contains [*2,391*] words.

   [   ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2. This brief complies with the typeface and type style requirements because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 365*] in [*14pt Georgia*]; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated:  June 10, 2024                     /s/ Joshua Snow Kendrick
                                          *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 10th day of June, 2024, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Jamie L. Schoen
> Office of the U.S. Attorney
> 55 Beattie Place, Suite 700
> Greenville, South Carolina 29601
> (864) 282-2100
>
> *Counsel for Appellee*

I further certify that on this 10th day of June, 2024, I caused a copy of the Sealed Volume of the Joint Appendix to be served, via FedEx, upon counsel for the Appellee, at the above address and a copy of the Brief of Appellant to be served, via U.S. Mail, postage prepaid, upon the Appellant, at the address below:

> Derrecos Taylor, #20783-171
> FCI Ashland
> Federal Correctional Institution
> P.O. Box 6001
> Ashland, KY 41105
>
> *Appellant*

/s/ Joshua Snow Kendrick
*Counsel for Appellant*